**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**Lewiston Public Schools**

Plaintiff

v.

**Mr.** and **Ms. Doe** as parents of **Jane Doe**, a minor

Defendants

Civil No. ___________

**COMPLAINT**

Plaintiff Lewiston Public Schools ("Lewiston") files this action against Defendants Mr. and Ms. Doe, asserting as follows:

**NATURE OF THE ACTION**

1. This is an action commenced under the Individuals with Disabilities Education Act, as amended, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), supplemented by Maine's laws regarding the education of disabled students, 20-A M.R.S.A. §§ 7000 *et. seq.*, and their implementing federal and state regulations.
2. This action by Lewiston seeks judicial review of an administrative decision issued by a Maine Department of Education hearing officer, pursuant to the IDEA, 20 U.S.C. § 1415(i)(2), wherein the hearing officer erroneously concluded that Lewiston is required to implement a student's IEP at a private school rather than in its own public schools, on grounds that the private school is the student's "stay put" placement during the pendency of the proceedings.

3. The administrative decision and order were issued on September 8, 2025, by a hearing officer appointed by the Maine Department of Education in pre-hearing motions submitted pursuant to Maine Unified Special Education Regulation, 05-071 C.M.R. ch. 101 § XVI.8 (pre-hearing motions).

**JURISDICTION AND VENUE**

4. The District Court's jurisdiction is based upon 20 U.S.C. §§ 1415(i)(2)(A), 1415 (i)(3)(A)-(C) (IDEA), and 28 U.S.C. § 1331 (federal question).

5. Venue lies in this District under 28 U.S.C § 1391(b), because a substantial part if the events or omissions giving rise to the claims occurred in this District, and the parties are located in this District.

**PARTIES**

6. Lewiston Public Schools is the local education agency responsible for providing a free appropriate public education to children with disabilities who reside with their parents in Lewiston, Maine.

7. Defendants Mr. and Mrs. Doe ("Parents") are residents of Lewiston, Maine. They are the grandparents and adoptive parents of Jane Doe, a six-year old child who qualifies for special education and related services under the qualifying disability of Autism ("Student").

8. In seeking to reverse the hearing officer's order under the IDEA, Lewiston is a party "aggrieved by the findings and decision" of a due process hearing officer within the meaning of the IDEA, 20 U.S.C. § 1415(i)(2)(A).

## FACTS COMMON TO ALL COUNTS

1. The Student became the educational responsibility of Lewiston on August 28, 2025. Prior to then, she qualified for special education and related services through Child Development Services ("CDS"), an intermediate educational unit overseen by the Maine Department of Education ("DOE"). Upon information and belief, CDS determined to implement the Student's IEP at Margaret Murphy Centers for Children ("MMCC") on December 4, 2023. The Student attended MMCC through a contract with CDS.

2. The Student's disability is to such a degree that she requires an individualized education program ("IEP") that provides 1:1 behavioral health professional support in a full-day special purpose program that offers a high staff-to-student ratio with staff who are highly trained to support students with high needs for educational and functional services.

3. CLIMB is a self-contained specialized Section 28 program located in a Lewiston elementary school building and has 63 staff members. It is designed to increase students' independence and skill development so that they can access less restrictive educational settings. CLIMB currently serves approximately 40 students, approximately 14 of whom are kindergarteners, and primarily serves students whose primary diagnosis is Autism. Students in the CLIMB program are all supported 1:1 with a certified behavioral health provider, with increased staffing levels based on a student's academic, behavioral and functional profile. The CLIMB program is supported by a full-time social worker and board-certified behavior analyst ("BCBA"). CLIMB staff are trained using Applied Behavior Analysis (an evidence-based therapeutic intervention for individuals with Autism and other developmental disorders) ("ABA") and Therapeutic Crisis Intervention for Schools (an evidenced-based intervention designed to prevent and manage crisis

situations in a therapeutic manner) ("TCIS") to support students when they exhibit challenging behaviors. Beyond the students' IEPs, CLIMB staff implement an Individualized Treatment Plan ("ITP") for each student. This treatment plan is designed by the program's BCBA according to the unique functional needs of each student. CLIMB staff receive weekly supervision from the BCBA which includes didactic training, coaching and modeling on the floor as well as routine fidelity checks. Additional training and supervision is provided by the related service team alongside coaching/modeling from the special education case manager.

4. CLIMB specifically targets socially significant behaviors to support students in developing skills to help them be successful with their classmates and community. The program also provides wrap-around support by collaborating with families of CLIMB students to identify home and community-based skills needs that can be provided in the school setting. Each CLIMB student receives specialized instruction to meet their individual needs and has a behavior plan that contains support, reinforcement, and intervention strategies.

5. A significant benefit of the CLIMB program, in contrast with out-of-district special purpose private schools is that it is operated in the Student's home community in a local public school. The program is, however, located in a self-contained wing of the school building so that students' access to the greater public school setting is carefully and thoughtfully calibrated based on their toleration for the same. Access to non-disabled classmates at any time of the day that is appropriate is a benefit that cannot be understated.

6. On June 10, 2025, in preparation for the Student's transition to Lewiston Public Schools, Lewiston convened an IEP team meeting. This meeting was well-attended, and included Lewiston staff, the Parent, MMCC staff, related service providers, and the family's Sweetser community-based case manager. At this meeting, the multidisciplinary director of Lewiston's CLIMB program (who is also a BCBA) shared the information she gathered when she observed the Student at MMCC. Her observation confirmed that the Student needed support with functional communication and safety awareness, as well as self-care skills. Lewiston staff felt confident that the CLIMB program was appropriate and served as the Student's least restrictive educational environment. At this meeting, Lewiston proposed implementing the Student's educational program at CLIMB starting her kindergarten year (2025-2026). The Parents disagreed with this proposal and wanted the Student to continue to attend MMCC. The team did not create a new, Lewiston IEP for the Student. Instead, the team determined to reconvene after the Parents had toured the CLIMB program. This was done in an effort to honor the Parents' concerns and maintain a positive working relationship.

7. On June 18, 2025, the Student's IEP team reconvened. The IEP team designed an IEP that largely mirrored the CDS IEP that had been effective for the Student at MMCC. The IEP team determined to add social work and access to a speech language therapy assistant to the IEP in order to address the Student's trauma-related and communication needs. The IEP team determined that the Student could be appropriately served with a full school day in the CLIMB program, rather than needing to go to the MMCC program. The Parents disagreed with this determination and again asserted that the Student's needs could only be met at MMCC.

8. The Student's Lewiston IEP and placement at CLIMB went into effect on August 28. The Parents have been repeatedly informed that the staff at CLIMB are ready to serve the Student. The Parents have declined to send her to CLIMB.

9. Lewiston has never agreed to implement the Student's IEP at MMCC. That decision was made by CDS while the Student was its educational responsibility.

10. The Parents submitted a due process hearing request with the Maine Department of Education, dated August 20, 2025 (two months after the IEP meeting and eight days before the Student was scheduled to begin school), alleging that Lewiston cannot adequately provide the services and supports necessary to meet the Student's educational and safety needs and therefore was inappropriate under the IDEA. (DOE Case No. 26.019H). They requested that Lewiston be required to implement the Student's IEP at MMCC.

11. On August 29, 2025, the Parents filed a motion specifically invoking their right to "stay put" in an effort to keep the Student at MMCC. Lewiston opposed the motion filed a response, asserting – among other things – that MMCC is an educational program, not an educational placement (as that term is used in the IDEA), this is the Student's first entry into public school and that Lewiston is permitted to determine to implement the Student's IEP in its own public school, and that stay put does not apply when a public school determines to implement a student's IEP in a different setting for budgetary reasons. The hearing officer ordered the family to reply, which they did.

12. On September 2, 2025, Lewiston convened a resolution meeting with the IEP team, including the Parents, in an attempt to address the Parents' concerns. The Parents maintained their position that the Student could only be properly served at MMCC.

13. The Parents and the Special Education Director agreed to meet on September 4, 2025, so the Parents could tour the CLIMB program while school was in session and could see how the program worked in real time. The Parents did not appear for the tour.

14. On September 4, 2025, the hearing officer issued an Order granting the family's motion for stay put. The hearing officer found that Lewiston had "raised salient points" but did not demonstrate a legal basis to deny the application of the IDEA's stay put protections. The Order recited but did not apply caselaw that stands for the proposition that "educational placement" is different from "location." The hearing officer held that, given the Student's level of need and history of trauma and given the information available to the Parents when they considered the placement offer, the hearing officer was "inclined" to order that the Student attend MMCC during the pendency of the proceedings.

15. That same day, Lewiston filed a motion requesting that the hearing officer reconsider the Order. The hearing officer ordered the parents to respond, which they did on September 8, 2025. Lewiston requested an opportunity to reply to the Parents' response, but the hearing officer did not respond to Lewiston's request. Lewiston submitted its reply on September 8. Fifteen minutes later, the hearing officer issued an Order on Lewiston's motion for reconsideration. The hearing officer acknowledged that she did "not have the facts" yet weighed the appropriateness of Lewiston's CLIMB program against MMCC. She noted that she had not seen a transition plan for ensuring the Student's supported entry into her new classroom setting at CLIMB. She determined that the change from the location of MMCC to the in-district program was "material, or significant, as opposed to minor or administrative" and upheld her order. She issued this final Order on September 8, 2025.

16. If the Student is permitted to attend the MMCC program from now until a decision is entered and any appeals are decided, Lewiston will suffer irreparable injury in the form of being required to pay for the cost of the Student's attendance at MMCC – for an unknown period of time that could possibly extend for years – that cannot be recovered. MMCC will not be required to disgorge the money that Lewiston will have paid.

17. MMCC has already started invoicing Lewiston for the Student's tuition, even though she is not placed in its program. MMCC sent Lewiston an invoice dated August 29, 2025 for $579.90 in tuition for August 28 and August 29. The Student did not attend MMCC either those days.

18. On September 6, MMCC emailed Lewiston requesting that Lewiston enroll the Student at MMCC as a kindergartener. Lewiston has not enrolled the Student at MMCC. Lewiston does not believe that sending the Student to MMCC offers her a free appropriate public education in the least restrictive educational environment.

19. Conversely, the Student will suffer no damage if she attends school in a special purpose public program with nearly identical services and supports to the IEP that has recently been successful for her and that her IEP team has determined is appropriate for her.

20. The public interest weighs in favor of the Student receiving educational programming in the CLIMB program, an appropriate setting in the least restrictive educational environment, where Lewiston is not required to pay a private school – a program where it never agreed to send the Student – for educating a student whom it can serve in its public schools.

**COUNT I**

**(Review of Due Process Determination Under the Individuals with Disabilities Education Act, 1. 20 U.S.C. § 1415 and 20-A M.R.S.A. § 7207-B)**

21. Lewiston repeats the allegations set forth in Paragraphs 1 through 20 of this Complaint.

22. Federal and state special education laws authorize the Court to conduct judicial review of the administrative decision and to "grant such relief as the court determines is appropriate." This authority includes the power to reverse or vacate the hearing officer's findings and order.

23. The hearing officer committed legal and factual error by finding that the Student's "stay put" placement under the IDEA, 20 U.S.C. § 1415(j), was at MMCC. This error allowed the hearing officer to order the Student to return to MMCC during the pendency of the underlying proceeding and any subsequent appeals.

24. The hearing officer further committed legal and factual error by failing to address in any way a public school's right to determine where to implement a Student's IEP. This error allowed the hearing officer to order the Student to return to MMCC during the pendency of the underlying proceeding.

25. Lewiston will be irreparably injured if the Student is permitted to attend MMCC pending a decision on the merits of the Parents' due process hearing request and any subsequent appeals of that decision.

***Wherefore,*** the Lewiston Public Schools respectfully requests that the Court:

1. Enter a temporary restraining order and preliminary injunction that permits CLIMB program during the pendency of the due process proceedings and any subsequent appeals;
2. Reverse or vacate the hearing officer's order that the Student attend MMCC during the pendency of the due process proceedings and any subsequent appeals;

3. Award such other further relief as the Court may deem just and proper.

Dated: September 11, 2025

Respectfully submitted,

***/s/ Rachel W. Sears***

Rachel W. Sears
Kelsey M. Cromie
*Attorneys for Plaintiff Lewiston Public Schools*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 772-1941